NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
29492
29-AUG-2012
08:08 AM**

NO. 29492

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

IN THE MATTER OF UNITED PUBLIC WORKERS,
AFSCME, LOCAL 646, AFL-CIO, Union-Appellee, v.
CITY AND COUNTY OF HONOLULU, DEPARTMENT OF FACILITY
MAINTENANCE, WAIANAE CORPORATION YARD (Griev.of
MICHAEL TALALOTU; CZ-01-19), Employer-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 08-1-0350)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Employer-Appellant City and County of Honolulu (**City**)
appeals from the Circuit Court of the First Circuit's (**Circuit
Court's**) October 28, 2008 Order Granting [United Public Workers,
AFSCME, Local 646, AFL-CIO (**UPW's**)] Motion to Confirm Arbitration
Decision and Award of Christine Kuriyama Dated 6/28/03, Filed
9/17/08 (**Order Granting Motion to Confirm**).[1]

The City raises three points of error on appeal:

(1)  The Circuit Court erred by granting UPW's motion
to confirm because HRS § 658-8 (1993) establishes a one-year
limitation period for confirmation of an arbitration award;

---

[1]   The Honorable Karl K. Sakamoto presided.

(2) The Circuit Court erred by equating a motion to confirm an arbitration award with an action to enforce an arbitration award; and

(3) The Circuit Court erred in awarding attorneys' fees in favor of UPW and against the City.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the City's appeal as follows:

In the first instance, UPW argues that this court lacks appellate jurisdiction to review the Order Granting Motion to Confirm because the City failed to timely file a motion to vacate the underlying arbitration award, citing various cases including, *inter alia*, Excelsior Lodge Number One, Independent Order of Odd Fellows v. Eyecor, Ltd., 74 Haw. 210, 847 P.2d 652 (1992), and Schmidt v. Pacific Benefit Servs., Inc., 113 Hawai'i 161, 150 P.3d 810 (2006). These cases are, however, inapposite. In Excelsior, the supreme court "expressly h[e]ld that a party who seeks to change an arbitration award, but fails to follow the specific statutory provisions for challenging the award by timely bringing a motion under either §§ 658-9 or 658-10, is foreclosed from subsequently appealing a § 658-8 confirmation order under HRS § 658-15." 74 Haw. at 227, 847 P.2d at 660 (emphasis added). Here, the City does not seek to vacate, modify, correct, or in any other way challenge or change the underlying arbitration award. The City instead argues that UPW's motion to confirm was filed several years after the one-year period set forth in HRS § 658-8 and, therefore, was improperly granted. We agree.

HRS § 658-8 states, in pertinent part:

> At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. Thereupon the court shall grant such an order,

unless the award is vacated, modified, or corrected, as prescribed in sections 658-9 and 658-10.

The Circuit Court nevertheless concluded that HRS § 658-8 did not bar UPW from filing a motion to confirm more than five years after the arbitrator made and served her decision, stating that:

Section 658-8, Hawaii Revised Statutes (HRS) does not preclude [UPW] from filing a motion to confirm the arbitral award to enforce its remedial terms and conditions after one year. Krystoff v. Kalama Land Co. Ltd., 88 Hawai'i 209, 965 P.2d 142 (App. 1998).

Krystoff, however, does not support the Circuit Court's conclusion. The Krystoffs had filed a complaint for a declaratory judgment seeking a declaration that an arbitration award was unenforceable because the other party had not moved to confirm it within the one-year period provided in HRS § 658-8. Id. at 212, 965 P.2d at 145. The circuit court concluded that failure to timely confirm an arbitration award does not preclude other remedies to enforce the award. Id. at 213, 965 P.2d at 146. On appeal, this court agreed with the circuit court, favorably citing various cases for the proposition that the statutory process allowing confirmation of an arbitration award is one method of enforcement of the award, but that it does not preclude common-law enforcement remedies. Id. at 214-16, 965 P.2d at 147-49. This statutory method for enforcement is merely "an expeditious procedure for reducing or converting the arbitration award to a judgment which can be enforced by judicial writ." Mikelson v. United Servs. Auto. Ass'n, 122 Hawai'i 393, 395, 227 P.3d 559, 561 (App. 2010) (internal quotation marks and citation omitted). Krystoff does not support the proposition that the one-year period provided in HRS § 658-8 is superfluous.

HRS § 658-8 allows parties to an arbitration one year to petition for confirmation of an award. In this case, the Circuit Court erred when it entered the Order Granting Motion to

Confirm based on a motion filed more than one year after the arbitrator's award.

With respect to the City's second point of error, as stated above, a statutory motion to confirm an arbitration award is a non-exclusive method of enforcement of an award.

Finally, the Circuit Court erred in awarding attorney's fees and costs to UPW. We reject UPW's argument, and the Circuit Court's conclusion, that City's "groundless" opposition to the motion to confirm constituted a failure to "abide by a 'final and binding' award as required by Section 15.20b of the agreement of the parties without justification" and thus justified the award of fees. UPW does not argue, nor does the record show, that the City was in non-compliance with the arbitrator's decision.

For these reasons, the Circuit Court's October 28, 2008 Order Granting Motion to Confirm is reversed.

DATED: Honolulu, Hawai'i, August 29, 2012.

On the briefs:

John S. Mukai
Elisabeth A.K. Contrades
Deputies Corporation Counsel
for Employer-Appellant

Herbert R. Takahashi
Rebecca L. Covert
(Takahashi Vasconcellos &
  Covert)
for Union-Appellee

Presiding Judge

Associate Judge

Associate Judge